IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MYRA DEGERSDORFF** § | | |
| § | | |
|    **Plaintiff,** § | | |
| § | | |
| vs. § | Civil Action No. 2:11-cv-02301 | |
| § | | |
| § | Section "A" | |
| **THE RITZ-CARLTON** § | | |
| **HOTEL COMPANY, LLC** § | Magistrate (4) | |
| § | | |
|    **Defendant.** § | | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL
DISCOVERY AND FOR SANCTIONS**

Myra deGersdorff submits this Memorandum In Support of Motion to Compel Discovery and For Sanctions against the Defendant Ritz-Carlton Hotel Company, LLC (Ritz-Carlton").

**Summary of Relief Requested**

Plaintiff requests an order from the ruling that Ritz-Carlton's objections to Plaintiff's First and Second Requests for Production, and First Interrogatories have been waived by operation of law, and compelling the Plaintiff to produce all information and documents responsive to those discovery requests at a date and time certain.

**Factual Background**

This is an employment discrimination and equal rights lawsuit brought against Ritz-Carlton under the Civil Rights Act of 1964, as amended 42 U.S.C. §§ 2000e et seq. ("Title VII").

With the exception of a brief tenure with a small luxury airline project, Ms. deGersdorff worked continuously for Ritz-Carlton from 1989 to the date of her wrongful termination in 2008. During that time period, Ms. deGersdorff rose from a low ranking line employee to one of the few female general managers in all of Ritz-Carlton's world-wide operations.

In 2008, after having served as the General Manager for all three of Ritz-Carlton's properties located in New Orleans, LA, Ms. deGersdorff's employment was terminated for receiving two written complaints for violations of Ritz-Carlton's employment policies within a one-year period.

On September 14, 2011, Ms. deGersdorff filed her Original Complaint alleging that Ritz-Carlton's allegations of her misconduct were fabrications, and were used as a pretext to terminate her for behavior that was not only tolerated, but celebrated when conducted by Ritz-Carlton's male employees. [Docket No. 1].

On December 2, 2011, Ritz-Carlton filed its Original Answer and Affirmative Defenses (the "Answer").  Within the Answer, Ritz-Carlton asserts twenty four affirmative defenses.  The statements contained in Ritz-Carlton's affirmative defenses are conclusory, and contain no facts supporting them.  [Docket No. 9].

**Discovery Background**

On March 8, 2012, Ms. deGersdorff propounded her First Requests for Production on Ritz-Carlton.[1]

On March 29, 2012, Ms. deGersdorff propounded her First Interrogatories.  This document consisted of seventeen requests for Ritz-Carlton to state the factual and legal bases for several of Ritz-Carlton's affirmative defenses.[2]

On April 16, 2012, Ms. deGersdorff propounded her Second Requests for Production on Ritz-Carlton. [3]

Pursuant to Federal Rule of Civil Procedure 34(b), the deadline for Ritz-Carlton to respond and/or object to the First Requests for Production was April 7, 2012.  This deadline was extended

---

[1] A true and correct copy of the First Requests for Production is attached to this Motion as Exhibit 1.
[2] A true and correct copy of the First Interrogatories is attached to this Motion as Exhibit 2.
[3] A true and correct copy of the First Requests for Production is attached to this Motion as Exhibit 3.

by agreement of the parties until April 21, 2012. Ritz-Carlton did not serve responses to the First Requests for Production until May 15, 2012.[4] The deadline for Ritz-Carlton to respond to Ms. deGersdorff's Second Requests for Production was May 16, 2012. Ritz-Carlton has provided no written response, nor has it provided any documents responsive to the Second Requests for Production.

Pursuant to Federal Rule of Civil Procedure 33(b)(3) the deadline for Ritz-Carlton to respond to Ms. deGersdorff's First Interrogatories was April 28, 2012. Ritz-Carlton did not submit written responses until May 15, 2012. [5]

### Arguments and Authorities

The court should compel Ritz-Carlton to provide all documents and information to Ms. deGersdorff's Requests for Production and Interrogatories because all of Ritz-Carlton's objections were overruled by the operation of law when Ritz-Carlton failed to timely assert them. The court should further award Ms. deGersdorff her fees and costs in filing this Motion as Ritz-Carlton's actions dictate a willful disregard of its discovery obligations.

  1. *Ritz-Carlton waived all of its defenses to Ms. deGersdorff's discovery requests by failing to timely assert them.*

The court should compel Ritz-Carlton to provide all documents and information responsive to Ms. deGersdorff's discovery requests because all of Ritz-Carlton's objections are waived as a matter of law. In *In Re United States*, the Fifth Circuit stated that "as a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." 864 F.2d 1153, 1156 (5th Cir. 1989). Specifically, regarding Ritz-Carlton's

---

[4] A true and correct copy of Ritz-Carlton's Responses to the First Requests for Production is attached to this Motion as Exhibit 4.

[5] A true and correct copy of Ritz-Carlton's Responses to the First Interrogatories is attached to this Motion as Exhibit 5.

Interrogatory responses, Federal Rule of Civil Procedure 33(b)(4) provides that "any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." FED. R. CIV. P. 33(b)(4).  Although Federal Rule of Civil Procedure 34 does not contain this express language regarding objections to Requests for Production, courts have nevertheless found the procedures under both to be the same. *See, e.g.,* 8A Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, *Federal Practice & Proc. Civ.2d* § 2204 (2d ed.1994) ("the discovery rules constitute an integrated mechanism and they must be read *in pari materia."* ). *See also McLeod, Alexander, Powel and Apffel v. Quarles,* 894 F.2d 1482, 1485 (5th Cir.1990) (With respect to required specificity, "We see no reason to distinguish the standards governing responses to interrogatories from those that govern responses to production requests."); *Hall v. Sullivan,* 231 F.R.D. 468, 473-74 (D.Md.2005) (holding that "implicit within Rule 34 is the requirement that objections to document production requests must be stated with particularity in a timely answer, and that failure to do so may constitute waiver of grounds not properly raised, including privilege or work product immunity unless the court excuses this failure for good cause shown."); *Drexel Heritage,* 200 F.R.D. at 258 ("although the plain language of Rule 34 does not expressly provide for waiver when objections are not stated, Rule 34, like Rule 33(b)(4), requires the reasons for objections to be explicitly stated. Therefore the Court finds the waiver to be an implicit one."). Indeed, this court in *Anderson v. Standard Fire Insurance Company, et al*, expressly applied the waiver language of Rule 33(b)(4) when finding waiver of all objections not timely asserted.  Cause No. 09-1562.[6]

There is no dispute that Ritz-Carlton failed to timely assert objections to any of Ms. deGersdorff's discovery requests propounded to date.  Ms. deGersdorff served the First Requests for

---

[6] A copy of the court's opinion is attached to this Motion as Exhibit 6.

Production on Ritz-Carlton on March 8, 2012. *See* Exhibit 1. The thirty-day deadline prescribed by Rule 34(b) would have run on April 7, 2012, however this deadline was extended by agreement of the parties until April 21, 2012. Ritz-Carlton did not serve responses to the First Requests for Production until May 15, 2012. *See* Exhibit 4. Ms. deGersdorff served her Second Requests for Production on Ritz-Carlton on April 16, 2012. *See* Exhibit 3. The deadline for Ritz-Carlton to respond to these requests was therefore May 16, 2012. Ritz-Carlton has provided no written response, nor has it provided any documents responsive to the Second Requests for Production. Ms. deGersdorff served her First Interrogatories on March 29, 2012. *See* Exhibit 2. Pursuant to Rule 33(b), Ritz-Carlton's responses to Ms. deGersdorff's First Interrogatories was due on April 28, 2012. Ritz-Carlton did not serve its responses and objections until May 15, 2012. *See* Exhibit 5. Accordingly, all of Ritz-Carlton's objections are waived as a matter of law. The court should therefore compel Ritz-Carlton to produce all documents and information responsive to Ms. deGersdorff's discovery requests irrespective of objections it has asserted.

The court should order Ritz-Carlton to produce all responsive documents and information because there is no good cause for Ritz-Carlton to make timely objections or seek an extension. Ritz-Carlton was indisputably aware of its obligation to either make time written responses or seek an extension of time. Ritz-Carlton took advantage of this procedure by an obtaining two-week extension from Ms. deGersdorff to respond to the First Requests for Production, only to disregard the new deadline. Accordingly, Ritz-Carlton is aware of the deadlines set by the Federal Rules of Procedure, knows how to obtain additional time if necessary, and has chosen to flagrantly disregard both the deadlines and the proper mechanism for seeking additional time. Further, Ritz-Carlton's subsequent contact demonstrates a conscious indifference to its discovery obligations. On May 31, 2012, Ms. deGersdorff's counsel contacted Ritz-Carlton's counsel regarding its failure to comply with

its discovery obligations, including its utter failure to provide *any* responses to her Second Requests for Production.  *See* Email Message attached hereto as Exhibit 7.  Ritz-Carlton's response was to simply say that there was no waiver and continue to fail to provide written responses or responsive documents.[7]  *Id.*  As such, there can be no "good cause" for Ritz-Carlton's failure to timely object and respond to Ms. deGersdorff's discovery requests.  The court should therefore compel Ritz-Carlton to provide all information and documents responsive to those discovery requests.

    2.    <u>The court should order Ritz-Carlton to pay Ms. deGersdorff's costs associated with this Motion.</u>

The court should order Ritz-Carlton to pay Ms. deGersdorff the fees and costs her attorneys will incur in the preparation and hearing of this Motion.  Federal Rule of Civil Procedure 37(a)(5) provides that if a Motion to Compel Discovery "is or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37.  Ms. deGersdorff anticipates that her attorneys will incur fee and costs in the amount of $3,000.00 in the preparation and filing of this Motion along with associated travel time and expense on a hearing of the Motion.  Ms. deGersdorff requests an order from the court compelling Ritz-Carlton to pay this amount.

## Relief Requested

Based on the foregoing, Myra deGersdorff requests that the court enter an order 1) compelling the Defendant Ritz-Carlton Hotel Company, LLC to produce all documents and

---

[7] Although Ritz-Carlton's counsel indicates that it will be responding to the Second Requests for Production "within the next week" approximately two weeks has passed, and Ritz-Carlton has still made failed to make written responses.

information responsive to her outstanding discovery requests; and 2) compelling Ritz-Carlton to pay Ms. deGersdorff's attorneys' fees and costs associated with this Motion.

                                      Respectfully submitted,

                                      **PORTER & POWERS, PLLC**

By:     /s/ M. Kevin Powers
           M. Kevin Powers
           Brad E. Porter
           Admitted *Pro Hac Vice*
           50 Briar Hollow Lane, Suite 105W
           Houston, TX 77027
           (713) 621-0700 (tel)
           (713) 621-0709 (fax)


           /s/ Randall J. Meyer
           Randall J. Meyer
           337 Carondelet St.
           New Orleans, LA 70130
           (504) 523-0063 (tel)
           (504) 525-5308 (fax)
           rjmeyerno@bellsouth.net


                                      ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

     A true and correct copy of the foregoing was served on the party listed below through the court's ECF system on June 15, 2012.

George Fagan
Leake & Andersson, LLP
1100 Poydras St # 1700
New Orleans, LA 70163

                                          */s/ Randall J. Meyer*
                                          Randall J. Meyer