UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MYRA DEGERSDORFF | CIVIL ACTION |
| VERSUS | NO: 11-02301 |
| THE RITZ-CARLTON HOTEL COMPANY, LLC | SECTION: "A" (4) |

### ORDER

Before the Court is a **Motion to Fix Expenses and Attorney's Fees** (**R. Doc. 102**) filed by Plaintiff, Myra deGersdorff, ("deGersdorff") in compliance with the Court's Order (R. Doc. 80), which granted Plaintiff's Motion to Compel (R. Doc. 38). Defendant, The Ritz-Carlton Hotel Company, LLC, ("Ritz") has opposed them motion (R. Doc. 105). The motion was heard on the briefs on November 21, 2012.

**I.   Factual Summary**

Ms. deGersdorff filed this suit against Ritz on September 14, 2011. (R. Doc. 1). Ms. deGersdorff alleges violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). She further alleged that she became an employee of Ritz since 1989, and was an executive in the company in several cities over a nineteen-year period. (R. Doc. 1, p. 3).[1] In 2006, she alleged that she became General Manager of three Ritz hotels located in New Orleans, Louisiana, even though her male predecessor, Ezzat Coutry, ("Coutry") had been given the title of "Area Manager" over the same three

---

[1] She alleges that she did take one brief interlude to work at a small airplane company. R. Doc. 1, p. 3).

hotels, which carried more responsibility. *Id.* at 3.  During her time as General Manager the circumstances changed which resulted in her termination.[2]

During the course of the litigation, Ms. deGersdorff propounded written discovery which were not timely responded to for which the undersigned granted her motion seeking to compel responses. (R. Docs. 38).  The court further determined that an award of reasonable attorneys fees would be appropriate and issued instructions for the plaintiff to file a motion seeking the award of reasonable attorneys fees.  (R. Doc. 80, p. 33).

The plaintiff now seeks an award of $4,106.10 as a reasonable attorney's fee for pursuing the subject motion to compel.  The motion is opposed.  Specifically, Ritz contends that the motion to affix attorneys fees should be denied in its entirety. Ritz further contends that the Court should not award fees for the supplemental briefs because the subject pleading only focused on the production of information regarding General Managers who were not supervised by Coutry during the relevant period.  Ritz contends that because the court issued a narrow opinion limited to requiring the production of only information regarding General Managers who were supervised by Coutry, Ms. deGersdorff did not prevail on the arguments set forth in the supplemental memo such that her request for reasonable fee should not include this unsuccessful claim resulting in a denial or at minimum a reduction in the fee award.

## II.     Standard of Review

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a

---

[2]The case was dismissed on December 7, 2012.  (R. Doc. 114).

reasonable hourly rate." *Id*. The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). After determining the lodestar, the court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[3] The court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). However, the lodestar should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

### III. Analysis

#### A. Attorney's Fees

##### 1. Calculating a Reasonable Hourly Rate

The fee application submitted by deGersdorff seeks to recover fees of 14.80 hours of attorney work at a rate of $250.00 per hour for his attorney, M. Kevin Powers, ("Powers"). (R. Doc. 102-2, pp. 1-2). In support of his motion, Ms. deGersdorff attaches Powers' Affidavit, ("Powers Affidavit") and a billing statement, as well as an Affidavit from Randall J. Meyer ("Meyer Affidavit"). The Meyer Affidavit states that Meyer is an attorney who has been practicing in the area since 1987, and that during his career he has represented both plaintiffs and defendants. (R. Doc. 102-3, p. 1). He further states that in his experience that attorneys fees in this area for similar matters range from $250.00 for junior partners to $400.00 for senior partners. *Id.* Ritz argues in opposition that a rate of $250.00 is too high for an attorney of his experience. (R. Doc. 105, p. 16-18).

---

[3] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717-719.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.

Rates may be adduced through direct or opinion evidence as to what local attorneys charge under similar circumstances. The weight to be given to the opinion evidence is affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *see also White v. Imperial Adjustment Corp.*, No. 99-03804, 2005 WL 1578810, at *8 (E.D. La. Jun. 28, 2005) (recognizing that attorneys customarily charge their highest rates only for trial work, and lower rates should be charged for routine work requiring less extraordinary skill and experience). However, conclusory testimony that a given fee is reasonable is not satisfactory evidence of a market rate. *See Hensley*, 461 U.S. at 439 n. 15.

In this case, Ms. degersdorff has submitted the Meyer Affidavit as well as the Powers Affidavit. The Powers Affidavit states that he received his law degree from Emory University School of Law in 2003. Powers lives and resides in Texas, where he has been practicing primarily for over nine years. (R. Doc. 102-2, p. 1).

Powers states further that he has handled employment matters including cases under Title VII as a first chair trial attorney in multiple jury and bench trials in federal and state courts. He states further that he has served as lead counsel for clients in federal courts in other jurisdictions, and since 2010 he has represented clients almost exclusively as lead counsel. (R. Doc. 102-2, pp. 1-2).

After reviewing the prevailing market rates for legal services in the greater New Orleans area from the applicable case law, the Court concludes that a rate of $250 is not reasonable in connection with Powers' work on the motion. *See, e.g.*, *Braud v. Transport Service Co. of Illinois*, Nos. 05-1898, 05-1977, 05-5557, 06-0891, 2010 WL 3283398, at *15 (E.D. La. Aug. 17, 2010) (Knowles, M.J.) (finding that an award of $200 per hour for attorney with 30 years of experience was "within the low end of the range of the market rate."). *Cf. Entergy Louisiana, LLC v. Wackenhut Corp.*, No. 09-7637, 2010 WL 4812921, at *4-*5 (E.D. La. Nov. 17, 2010) (Roby, M.J.) (finding that $250 per hour was excessive for attorney with six years of litigation experience); *Millon v. Johnston*,1999 WL 358968 at *5 (E.D. La. May 28, 1999) (finding that an hourly rate of $150 was reasonable for counsel with ten years or more years of legal experience). *See also Associated Builders & Contractors of La., Inc. v. New Orleans Parish Sch. Bd.*, 919 F.2d 374, 379 (5th Cir. 1990) (finding hourly rate of $175.00 for a partner was within the prevailing market rate in New Orleans).

The Court therefore finds that the hourly rate of $195.00 is reasonable given Powers' experience, background, and training.

### 2.    Determining the Reasonable Hours Expended

Ms. deGersdorff submitted her counsel's billing statements which indicate that she seeks compensation for 14.8 hours of work associated with the motion to compel, as follows: (a) 2.20 hours for composing the motion to compel; (b) 1.40 hours for revising the motion; (c) 0.90 hours for conferring with court clerk regarding status of the hearing, review of legal authorities and confer with

5

local counsel regarding rescheduling of hearing; (d) 0.30 hours for receipt and review of the court order extending hearing on motion to compel, receipt and review of a notice from the Louisiana Labor Commission, and composition of a supplemental brief on the motion to compel; (e) 2.50 hours for composing a supplemental brief on the motion to compel; (f) 3.00 hours for composing a supplemental brief in support of the motion to compel, supporting affidavit, a motion for leave to file a supplemental brief, as well as conferring with Ms. deGersdorff regarding the content of her affidavit; and (g) 4.50 hours for preparing for, traveling to, and participating in oral argument on the motion, and then returning to Houston.  (R. Doc. 102-1, pp. 1-2).

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996).  Attorneys must exercise "billing judgment" by excluding time that is unproductive, excessive, duplicative, or inadequately documented when seeking fee awards. *Walker*, 99 F.3d at 769. Specifically, the party seeking the award must show all hours actually expended on the case but not included in the fee request. *Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987).  Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434.  The remedy for failing to exercise billing judgment is to reduce the hours awarded as a percentage and exclude hours that were not reasonably expended. *Id.*  Alternatively, this Court can conduct a line-by-line analysis of the time report.  *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642 (5th Cir. 2002).

The Court finds that after considering merits of the subject motion, the reasonable number of hours for the subject motion is 8 hours.[4] This conclusion is reached as the Court has found merit in Ritz's position that a fee should not be awarded for the plaintiff's unsuccessful position as advanced in its supplemental memorandum. (R. Doc. 105). Further, the Court notes that the mover has failed to delineate separately Powers' travel time from the time he spent participating in the hearing and returning to his office. The Court finds that 0.50 hours is reasonable for the time spent in court and disallows the travel time as it was not appropriately separated out for ease of determining the actual time.[5] Consequently, the reasonable hours are 8.50 hours at a rate of $195.00 for a total of $1,657.50, to be payable no later than 14 days from the entry of the subject order.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiff, Myra deGersdorff, ("deGersdorff") **Motion to Fix Attorney's Fees and Costs (R. Doc. 102)** is **GRANTED**. The Court finds that a total amount of $1,657.50 in fees and costs is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the Ritz-Carlton Hotel Company, LLC, ("Ritz") shall satisfy their obligation to Ms. deGersdorff no later than **fourteen (14) days** from the issuance of this Order.

New Orleans, Louisiana, this 20th day of February 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Although not clearly stated on his time sheets, Powers' hourly rate for the hours listed was originally $250.00. However, the Court has already determined that the reasonable rate given his background and experience is $195.00.

[5] The Court's minute entry indicates that the parties spent 42 minutes arguing the motion. (R. Doc. 65).

7